**LANGOMA INDUSTRIES, Inc.,**
v.
**The UNITED STATES.**
No. 201–54.

United States Court of Claims
Nov. 8, 1955.

Edwin J. McDermott, Philadelphia, Pa., for plaintiff.

Kathryn H. Baldwin, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

JONES, Chief Judge.

Plaintiff claims $15,441 which it alleges was wrongfully deducted on a change order issued in connection with performance of a contract for manufacturing jackets for the Army. The change order eliminated two inside breast pockets for the jackets and reduced the contract price.

There was a dispute as to whether a deduction should have been made, and also as to the amount of such deduction, if made. There was an appeal from the decision of the contracting officer to the Armed Services Board of Contract Appeals. The contracting officer had found the saving by leaving off the inside pockets was 15 cents per jacket. The plaintiff had submitted 12 cents per jacket as the cost per jacket that was eliminated by not requiring the pockets.

The Board decided that the specifications clearly provided for two inside breast pockets, and that a change in price because of their not being required was proper. It found, however, that the saving in the cost of manufacture should have been calculated at 13 cents, plus, per jacket, instead of the 15 or 12 cents per jacket which the respective parties had stated was the proper amount.

Following the decision by the Board, the parties, both plaintiff and defendant, signed a supplemental agreement by the terms of which plaintiff was paid the contract price less the reduction in cost found by the Board. According to the supplemental agreement plaintiff was entitled to a total payment of $942,-868.05. A check for the unpaid balance of that sum was tendered to and accepted by the plaintiff. Prior to the signing of the supplemental agreement plaintiff had been paid $937,045.10. Pursuant to the agreement it was paid an additional $5,822.95.

The defendant claims that the supplemental agreement modified the original agreement and payment thereunder constituted an agreed settlement of all disputed items.

The plaintiff asserts that the full amount of the contract price was an obligation and that payment of a part does not settle the full obligation.

The contract in issue which we will call number 2 was signed March 10, 1951, pursuant to a request issued January 1, 1951, returnable February 20, 1951. It was for 100,000 wool jackets, 35,000 at $9.25; 35,000 at $9.50 and 30,000 at $9.75, conforming to specifications previously issued.

Following the decision by the Armed Services Board of Contract Appeals, the plaintiff and the defendant entered into a supplemental agreement dated March 1, 1954, which recited the facts of the modification, the appeal therefrom, and the action and decision of the Board. It further recited that it was mutually agreed by and between the Government and the contractor that "the specifications are hereby amended to eliminate two inside breast pockets for 100,000 units, resulting in a unit decrease of $0.13941 for a total saving to the Government of $13,941." One other change

was ·mentioned which is not material here. ·

The supplemental agreement further recited that except as amended all the terms and conditions of the contract should remain in full force and effect and should apply in carrying out the provisions of the supplemental agreement. Following this agreement the plaintiff was paid an additional sum by voucher, the amount being $5,822.95.

On the face of the record this would seem to be a complete. accord and settlement of any and all disputed questions that had arisen and therefore a final determination and payment of the obligation which the Government incurred.

Plaintiff, however, contends that it had been intended by the parties at the· time of the making of the contract that the pockets be eliminated, and that its bid price did · not include any pocket-making cost, and it seeks a reformation of the contract. In this connection · it asserts that the decision of the Armed Services Board of Contract Appeals was an administrative determination of the amount due under the, contract and not a resolution of any dispute, and therefore cannot be considered an accord. It further contends that the amount claimed was liquidated and certain and that payment therefore could not be considered a satisfaction.

In this connection it calls attention to a contract dated December 29, 1950, between the plaintiff and defendant for the manufacture of 15,000 [1] wool jackets at $7.75, and 15,000 at $8.25, and alleges that at the time of signing Contract No. 2 the plaintiff was engaged in manufacturing the jackets under the contract dated December 29, 1950; which we will call Contract No. 1. Instructions to eliminate the pockets in Contract No. 1 were issued by telegram of February 21, 1951. The plaintiff says that it had previously received telephoned instructions on the 15th or 16th of February. Adjustments were made in that ·contract price because of the elimination of the two inside breast pockets.

Plaintiff further asserts that because of the change as to the pockets in Contract No. 1 and because of conversations which it had with representatives of the defendant it was led to believe that these pockets would not be required under Contract No. 2, that this was the understanding of both parties, and that it made its price bid on the basis of that understanding.

The fact remains, however, that after these purported conversations and after the change which was made in Contract No. 1, the plaintiff signed Contract No. 2 with the prices and specifications clearly calling for two inside breast pockets.

We quote from the decision by the Armed Services Board of Contract Appeals the following:

"According .to the testimony of the appellant although it had received no express instructions on the subject, it assumed that no pockets would be required and prepared its bid on that basis. Nevertheless, the specifications clearly required the pockets and the appellant accepted the contract with that provision in the specifications and the Government must assume it included the pockets as part of the bid. Appellant is bound by the clear terms of its contract."

We have no doubt that plaintiff anticipated that the inside breast pockets would be eliminated in Contract No. 2 because of the conversation which it had and because of the telegram of February 21, 1951, making the changes in respect to Contract No. 1. However, it was fully aware of the provisions in the specifications, since the specifications were the same in both contracts, and notwithstanding this clear provision in the specifications for the two inside pockets, it on March 10, 1951, signed the contract which provided for the inside pockets.

1. Evidently through error this figure appears in the record as 150,000.

A subsequent book telegram on March 28, 1951, gave instructions to all contractors supplying this type of jacket and requested submission of a statement of the saving resulting from the elimination. This came after the contract had been signed.[2]

■ In these circumstances there is no reasonable ground for reforming the contract. Whatever may have been the conversation beforehand between the plaintiff and some of the representatives of the defendant concerning the elimination of the pockets in the jackets covered by Contract No. 2, the actual final decision was not officially made and notice thereof given until March 28, 1951, some 18 days after the contract in issue had been signed. It will be noted that the second contract called for a substantial increase in the price of the jackets to be manufactured.

■ In any event we find that the signing of the supplemental agreement without making any reservation constituted an accord and settlement of the disputed issue. The issue as to the purported understanding of the parties as to the requirement of the two inside pockets was merged in the terms of the original written contract. The issue as to the saving in cost to the plaintiff by not being required to include these pockets in the manufacture was decided by the Board. After these issues were passed upon by the Armed Services Board of Contract Appeals a settlement of the various issues by the terms of the supplemental agreement was clear and definite. That agreement removed any possible doubt that there was to be an adjustment because of the elimination of the inside pockets and also determined the amount of the adjustment. The plaintiff by signing the supplemental agreement agreed both to the fact of the adjustment and the amount by which the price schedule was to be reduced.

The language of the agreement shows that plaintiff consented to the stipulated amount without reservation, condition or protest. Having voluntarily agreed to whatever modification was involved, and having accepted the benefits thereof, it is bound thereby. United States v. William Cramp & Sons, 206 U.S. 118, 27 S.Ct. 676, 51 L.Ed. 983; Williston on Contracts, Rev. Ed. Vol. 1, Sec. 129; Potter v. Pacific Coast Lumber Co., 37 Cal.2d 592, 234 P.2d 16.

We do not regard the case of Elastic Stop Nut Corporation v. United States, 113 F.Supp. 446, 126 Ct.Cl. 100, and other cases cited by plaintiff as apposite. If plaintiff by signing the supplemental agreement accepted the amount of the reduction as final, there is left only the basic issue as to the provisions of the original contract. This is a matter of interpretation. The original contract is clear. Plaintiff's only basis for escaping the original provision is on the ground that the specifications with respect to the pockets were already amended by mutual agreement at the time the initial price was agreed upon. It cannot succeed in this after the later mutual modification for the elimination of the pockets, together with an agreed reduction in the contract price therefor. The allegations of a mutual mistake in the wording of the original specifications are not sufficiently definite, especially in the light of the correction by the voluntary supplemental agreement.

Plaintiff by accepting payment agreed as to the amount of the cost of the pockets. In the circumstances as disclosed by the pleadings and attached affidavits, we find no adequate basis for reforming the contract.

Defendant's motion is sustained and the petition is dismissed.

LARAMORE, MADDEN, WHITAKER and LITTLETON, Judges, concur.

2. The current invitiation to bidders had called for bids on contracts covering more than 1,000,000 jackets.